## S. ALBERT GROCERY COMPANY, Respondent, v. G. GROSSMAN et al., Appellants.

### St. Louis Court of Appeals, March 17, 1903.

**Practice, Trial:** PRACTICE, APPELLATE. When judgment is manifestly for the right party, it should be affirmed, regardless of errors occurring at the trial.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

#### STATEMENT.

The suit is on an account and was commenced before a justice of the peace. In aid of the suit plaintiff sued out a writ of attachment. The affidavit for the attachment contains the following statutory grounds:

"1.   That the defendants are about fraudulently to conceal, remove, or dispose of their property so as to hinder and delay their creditors.

"2.   That the defendants have failed to pay the price or value of the articles and things delivered to them, by the plaintiff, which by contract they were bound to pay upon the delivery.

"3.   That the debt herein sued for was fraudulently contracted on the part of defendants."

A plea in abatement of the attachment was filed by defendants.   On the trial of this plea the attachment was sustained.   Plaintiff also had judgment on the merits.   Defendants appealed to the circuit court, where, on a trial *de novo,* the attachment was again sustained and judgment was again rendered for plaintiff on the merits.   Defendants appealed to this court.

*Marsh Arnold* for appellant.

The injunction asked by defendants should have been given.   They were entitled to have their theory of the case, that of a sale on credit, go to the jury.   The modification by the court not only denied this right, but excluded from the jury all appellant's testimony, tending to show such sale on credit.   Harlow v. Sass, 38 Mo. 34; Cyclopedia of Law and Procedure, vol. 4, p. 413, "E" and "F" and authorities there cited; Staid v. Mahan, 70 Mo. App. 400; Mfg. Co. v. Sheahan, 13 Mo. App. 577.

*John A. Hope* for respondent.

If we are right in our contention that no other verdict or judgment could have been legally rendered, it can make no difference if it was erroneous to admit the Donnenmuller conversation or that the instructions were improper, although we insist that there was no error in the trial, aside from plaintiff's failure to ask a peremptory instruction.   Sec. 865, R. S. 1899; Jones v. Philadelphia, etc., 78 Mo. App., top p. 296; Walker v. Railway, 68 Mo. App., top p. 483; Fitzgerald v. Barker, 96 Mo. App., top p. 666.

BLAND, P. J.—Error is assigned for the admission of some unimportant evidence, and for the giving and refusing of certain instructions.   We do not think

it worth while to notice these alleged errors, for the reason that the judgment is so manifestly for the right party that it should be affirmed, regardless of any errors that may have intervened at the trial.

The evidence is clear, convincing and overwhelming that the defendants are mercantile adventurers; that they established a store and procured goods from the plaintiff by false and fraudulent representations as to both their ability and intention to pay for them and with the intent of never paying for all they bought. The evidence shows that defendants had time after time gotten (in small amounts) the goods sued for, from plaintiff by fraud and deceit; that after they were informed that their fraudulent methods would no longer be successful and plaintiffs were about to take steps to enforce the collection of their debt for the goods, they secreted a part of them and as soon as the attachment was levied, divided what goods were left between them, one of them going to the state of Arkansas and setting up for himself, and the other going to a new location in Missouri and setting up business in the name of his wife. The evidence shows that every step taken by the defendants to procure goods from the plaintiff is tainted with fraud and deceit and shows conclusively that their purpose was to get all the goods they could from plaintiff through false and fraudulent representations and to pay just as little as possible.

The judgment is for the right party and is affirmed. All concur. *Goode, J.*, because, while he thinks the issues were for the jury, he thinks also that no error occurred in the rulings on evidence or on the instructions.